UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXA N. G.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C26-5190-BAT

**ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ failed to comply with this Court's remand order; misevaluated the medical evidence, her testimony, and the lay witness statements; and posed an incomplete hypothetical to the vocational expert, resulting in an erroneous step five findings. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for calculation of an immediate award of benefits.

## BACKGROUND

Plaintiff applied for benefits on February 24, 2021, alleging disability as of July 13, 2018. Tr. 1097. She later amended her onset date to the application date. *Id.* Her application was denied initially and upon reconsideration. In August 2023, ALJ Michelle Wolfe issued a decision finding Plaintiff not disabled. Tr. 17-30. Plaintiff appealed this decision and on September 20,

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 1

2024, this Court reversed the ALJ's decision and remanded the case for further administrative proceedings. Tr. 1179-90. Pursuant to this remand order, ALJ Cecilia LaCara held another hearing and again found Plaintiff not disabled. Tr. 1094-1117. As the Appeals Council denied Plaintiff's request for review, ALJ LaCara's decision is the Commissioner's final decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since February 24, 2021, the application date.

**Step two:** Plaintiff had the following severe impairments: depressive disorder; anxiety disorder; personality disorder; substance use disorder, in remission; posttraumatic stress disorder; and history of traumatic brain injury.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform a full range of work at all exertional levels with the following limitations: understand, remember, and carry out simple tasks; occasional decision making and changes in the work setting; occasional interaction with coworkers and supervisors but no tandem tasks or highly paced assembly work; and no interaction with the public.

**Step four:** Plaintiff had no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 1099-1102, 1108-09.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111.

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 2

The Court may neither reweigh evidence nor substitute its judgment for the judgment of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold that of the Commissioner. *Id.*

### A. Law of the Case and Rule of Mandate

Plaintiff contends the ALJ repeated the errors identified by this Court in its September 2024 remand order and accordingly violated the rule of mandate and the law-of-the-case doctrines. Dkt. 10 at 4.

The law-of-the-case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. *Hall v. City of Los Angeles,* 697 F.3d 1059, 1067 (9th Cir. 2012). Under the law-of-the-case doctrine, the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case. *See, e.g.*, *United States v. Lewis,* 611 F.3d 1172, 1179 (9th Cir. 2010). The doctrine should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust. *Stacy v. Colvin,* 825 F.3d 563, 567 (9th Cir. 2016).

The rule of mandate is a variant of the law-of-the-case doctrine. *Ischay v. Barnhart,* 383 F. Supp. 2d 1199, 1214 (C.D. Cal. 2005). "The rule of mandate requires that, on remand, the lower court's actions must be consistent with both the letter *and the spirit* of the higher court's decision." *Id.* Both law-of-the-case doctrine and the rule of mandate apply in the social security context. *Stacy,* 825 F.3d at 567.

In 2023, the ALJ rejected Dr. Holland's opinion as inconsistent with mild/moderate mental status examination findings, a reason this Court rejected as inadequate in its previous

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 3

remand order. *See* Tr. 1163-64, 1181-83. Here, the ALJ provides a lengthier discussion of MSE results with accompanying citations, but the essence of the argument is the same: the ALJ has rejected Dr. Holland's opinion as inconsistent with purportedly "normal" MSE results in the record. Tr. 1104. Accordingly, the ALJ has violated the law of the case and committed reversible legal error. *Evelyn W. v. Kijakazi,* 2023 WL 6209453, at *4 (E.D. Wash. Aug. 29, 2023) ("To the extent the same reasoning used by the ALJ was previously rejected by the district court, the ALJ was bound by the previous decision; and on this record the Court finds the ALJ violated the law of the case."); *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.").

The ALJ committed the same error in rejecting Plaintiff's testimony. In 2023, the previous ALJ rejected Plaintiff's testimony for several reasons, including inconsistency with typically mild to moderate mental status findings in the record. Tr. 1161. In its 2024 remand order, this Court rejected all the reasons provided by the previous ALJ and stated, "the medical record regarding her mental status exams tends to support Plaintiff's claims of marked limitations rather than undercut her claims." Tr. 1188. Here, the ALJ rejected Plaintiff's testimony solely based on inconsistency with purportedly normal mental status findings; the same reasoning this Court found erroneous in its remand order. Tr. 1103. Accordingly, the ALJ has violated the law of the case and committed reversible legal error. *Evelyn W.,* 2023 WL 6209453, at *4; *Sullivan,* 490 U.S. at 886.

Plaintiff argues the ALJ also violated the law-of-the-case doctrine in evaluating the opinions of Dr. Harolan, Dr. Goldberg, Dr. Atkins, and Dr. Brown because the ALJ "recycled the same boilerplate list of normal findings" for all the opinions. Dkt. 10 at 4-5. Although such an

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 4

approach to evaluating medical opinions "is not confidence-inspiring," *Fernandez v. Comm'r of Soc. Sec. Admin.,* 2024 WL 4198385, at *7 (D. Ariz. Sept. 16, 2024), this repetitive analysis does not violate the law of the case. The previous ALJ ignored Dr. Goldberg's opinion completely and stated a persuasiveness analysis for Dr. Harolan's opinion was not required because it pre-dated the onset date. Tr. 1164. The Court's remand order instructed the ALJ to articulate the persuasive value of these opinions in accordance with the regulations. Tr. 1183-87. The ALJ did so and accordingly complied with that portion of the remand order. Similarly, the Court's remand order instructed the ALJ to reassess the opinions of Drs. Atkin and Brown, and the ALJ complied.

### B. Medical Evidence

Plaintiff contends the ALJ did not provide a supportability analysis for any opinion and that the ALJ's repetitive consistency analysis does not allow for meaningful review. Dkt. 10 at 6. The ALJ considers the persuasiveness of medical opinions using five factors, but supportability and consistency are the most important factors. 20 C.F.R. § 416.920c(b)(2), (c). The ALJ must explain how she considered supportability and consistency but need not explain how she considered other factors. 20 C.F.R. § 416.920c(b). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Conclusions alone are insufficient; "an ALJ can satisfy the "substantial evidence" requirement "by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings."" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

### 1. Supportability

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 5

Contrary to Plaintiff's argument, the ALJ provided a supportability analysis for every medical opinion. Supportability means the extent to which a medical source supports their opinion by explaining the relevant objective medical evidence. *Woods,* 32 F.4th at 791-92. The ALJ found the opinions of Drs. Holland and Kielak were supported by their familiarity with the treatment record, their personal observations of Plaintiff, and their explanations of their findings, but noted that they were "presumably unfamiliar with social security policies and regulations."[3] Tr. 1104-05. The ALJ found Dr. Harolan's opinion supported by his examination but noted he did not fully explain his findings, and he reviewed only one record in preparation for his examination. Tr. 1105. The ALJ found Dr. Goldberg's opinion supported by his examination, his review of records, and his explanation of his findings, but noted the doctor did not have the chance to review the updated record and did not identify specific vocational limitations. Tr. 1106-07. Finally, the ALJ found the opinions of DDS examiners Drs. Brown and Atkins were supported by their review of the records and explanation of their findings, even though they did not have the opportunity to examine Plaintiff or review the updated record. Tr. 1103-04.

Having asserted the ALJ made no supportability analysis for any opinion, Plaintiff has not challenged whether these analyses are supported by substantial evidence. As such, the Court will not disturb the ALJ's supportability findings.

### 2.  Consistency

The ALJ provided the same consistency analysis for each of the challenged medical opinions, finding each opinion:

---

[3] The Court notes that familiarity with social security policies and regulations falls under the umbrella of "other factors" the ALJ is to consider when evaluating medical opinions and is not part of the supportability inquiry. *See* 20 C.F.R. § 416.920c(c)(5) (ALJ will consider other factors including "evidence showing a medical source has…an understanding of our disability program's policies and evidentiary requirements."). The ALJ repeated this comment with respect to Dr. Harolan and Dr. Goldberg.

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 6

out of proportion to and not consistent with the record to include, for example, the ability of the claimant to interact appropriately with providers, who often described her as cooperative and pleasant with good eye contact; her often normal or otherwise unremarkable mood and affect; her intact or unremarkable hygiene and grooming; and her generally intact cognition on mental status examinations showing intact recent and remote memory; intact abstract thinking; fair insight and judgment; normal attention with full alertness and orientation; and estimated average intelligence that do not corroborate the severity or frequency of the claimant's allegations and suggest that she retains greater functional capacity than alleged and opined by [medical source].

Tr. 1104-07.

The fact the ALJ repeats this analysis for every opinion is not in itself problematic. However, the analysis itself is flawed. The ALJ has impermissibly cherry-picked normal observations from a sea of abnormalities to support her findings. *Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (ALJ erred by selectively picking some entries in the record while ignoring others). As previously noted by this Court in the 2024 remand order, the record tends to support opinions of marked limitations rather than cut against them. Tr. 1183. The ALJ may not "reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). Accordingly, the ALJ's consistency findings for the opinions of Dr. Holland, Dr. Harolan, Dr. Goldberg, and Dr. Kielak are not supported by substantial evidence.

### C. Plaintiff's Testimony

The ALJ did not find malingering and was thus required to articulate "clear and convincing reasons" to reject her testimony. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's reasons "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony.*" Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must

ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS - 7

identify which testimony the ALJ found not credible and explain which evidence contradicted that testimony). General findings and conclusory statements without supporting evidence are thus insufficient. *Brown-Hunter*, 806 F.3d at 494.

Here, the ALJ rejected Plaintiff's testimony as inconsistent with a nearly identical summary of evidence as used in her analysis of the medical opinions. Tr. 1103. As discussed above, the ALJ has impermissibly cherry-picked evidence that does not accurately reflect Plaintiff's mental state as a whole. *Garrison,* 759 F.3d at 1018 ("While ALJs obviously must rely on examples to show why they do not believe that a claimant is credible, the data points must *in fact* constitute examples of a broader development[.]"). Nor did the ALJ connect her summary of the evidence to the testimony it supposedly undermined. *See Brown-Hunter*, 806 F.3d at 494 (the ALJ must identify which testimony she found not credible and explain which evidence contradicted that testimony; she cannot simply state her conclusion and summarize the medical evidence supporting her RFC determination). Accordingly, the ALJ has erred.

### D. Lay Witness Testimony

Plaintiff offered statements from her son, her mother, and her caretaker of ten years. Tr. 398-405, 1351-52. The ALJ rejected the statements using the same summary of evidence this Court has already found inadequate. Tr. 1107-08. Accordingly, the ALJ has erred in her evaluation of the lay witness statements.

### E. Step Five Findings

Because the ALJ erred in assessing the medical evidence and Plaintiff's testimony, the RFC determination fails to account for all limitations and is defective. *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009). Accordingly, the Court need not address Plaintiff's arguments concerning the findings at step five.

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 8

**F.  Scope of Remand**

Plaintiff asks the Court to credit the improperly discredited evidence as true and remand for an award of benefits. Dkt. 10 at 18-19.

Under the Ninth Circuit's credit-as-true test, three elements must be satisfied to remand for an award of benefits. *Garrison,* 759 F.3d at 1020. First, the Court must conclude the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* Second, the Court must find that the record has been fully developed and further administrative proceedings would serve no useful purpose. *Id*. Third, the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* at 1021. Even where a claimant satisfies all elements, the Court has flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

The Court finds all the conditions for an award of benefits are met. As discussed above, the ALJ has failed to provide legally sufficient reasons for rejecting several medical opinions, Plaintiff's testimony, and the lay witness testimony. After two hearings and a prior appeal to this Court, the record is fully developed, and further administrative proceedings would serve no useful purpose. The Commissioner contends Plaintiff cannot establish the "rare circumstances necessary for a deviation from the ordinary remand rule." Dkt. 11 at 11-12. But the Commissioner indicates no outstanding issues to be resolved nor conflicts or ambiguities in the record that would be clarified with additional proceedings. A "remand for the purpose of allowing the ALJ to have a mulligan" does not qualify as a remand for a "useful purpose." *Garrison,* 759 F.3d at 1021.

Finally, if the improperly rejected evidence was credited as true, the ALJ would be required to find Plaintiff disabled on remand. Plaintiff testified that she has difficulty leaving her home due to severe anxiety and paranoia and often suffers from unpredictable outbursts of anger and fits of crying, which disrupt the workplace and impair her ability to focus and work. Tr. 50-54, 58, 1127-28, 1130-31. Dr. Holland opined Plaintiff was markedly limited in her ability to complete a normal workweek without interruptions from psychologically based symptoms, maintain regular attendance, maintain concentration for extended periods, and sustain an ordinary routine without supervision. Tr. 955-56. Dr. Kielak found Plaintiff was incapable of tolerating even low stress and would be absent from work more than three times per month. Tr. 1666. Dr. Harolan and Dr. Goldberg opined similar limitations. *See* Tr. 691-92, 1088.

The VE testified emotional dysregulation and outbursts, reduced productivity levels, and habitual absenteeism would not be tolerated in competitive employment. Tr. 1145-47. The VE also considered Plaintiff's work history (32 jobs in the course of 15 years), and stated full-time, gainful employment without significant emotional supports would be difficult for such an individual. Tr. 1147-48. Considering such testimony, any reasonable fact finder would be required to find Plaintiff disabled if this evidence is credited as true. The Court finds it inappropriate to allow the Commissioner a third opportunity to consider the medical and testimonial evidence and concludes remand for an award of benefits is the proper remedy.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for calculation of an immediate award of benefits.

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 10

DATED this 17th day of July, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 11